# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JOSHUA RAY NEALE,** | |
| Plaintiff, | Case No. 7:15CV00031 |
| v. | **OPINION** |
| **RSW REGIONAL JAIL, ET AL.,** | By: James P. Jones |
| Defendants. | United States District Judge |

*Joshua Ray Neale, Pro Se Plainitff.*

Plaintiff Joshua Ray Neale, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. In his Complaint, Neale alleges that the jail's medical staff has provided inadequate medical care for his injured knee and resultant pain. After review of the Complaint, I find that it must be summarily dismissed.

Neale is an inmate at the Rappahannock Shenandoah Warren Regional Jail ("RSW Jail"). Neale injured his knee while playing ball on September 16, 2014. He alleges that his knee was "swollen and was giving out on [him]." (Compl. 17, ECF No. 1.) The corrections sargeant and the nurse who were present told Neale to put in a request to see a nurse about his knee. When the nurse examined his knee two days later, she provided him with ibuprofen for pain. Neale waited another week to see a doctor, who examined the knee. Although the knee was still

painful and swollen, the doctor said it was fine. When these symptoms did not resolve after another week, Neale asked to see the doctor again. Eleven days later, he underwent an X ray, which showed no abnormalities.

In late November, Neale still could not walk without pain. He asked the medical staff for an MRI, but they refused "due to cost." (*Id*. at 18.) On December 15, Neale asked to see the doctor. A nurse examined him two days later, but did not arrange for him to see the doctor who was at the jail that same day. Neale alleges that the jail doctor "refuses to see [him] about [his] pain," and he has asked unsuccessfully to see an "outside" doctor about the pain. (*Id.*)

Neale filed this action in late January 2015, seeking injunctive relief. As defendants, he names the RSW Jail, its superintendent, and the "medical staff." (*Id*. at 15.)

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Neale cannot pursue a § 1983 claim against two of the defendants he has named. Neither the RSW Jail nor its "medical staff" constitutes a "'person'" subject to suit under § 1983. *Preval v. Reno*, No. 99-6950, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Therefore, I will summarily dismiss without prejudice Neale's claims against these defendants, pursuant to § 1915A(b)(1), as legally frivolous.

While the jail superintendant is a person acting under color of state law for purposes of § 1983, Neale's allegations do not state any actionable constitutional claim against him. Apparently, Neale seeks to impose liability on this defendant merely based on his position as a supervisory official, which is not a viable basis for liability under § 1983. "[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights. The doctrine of respondeat superior has no application" under § 1983. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks and citation omitted). Because Neale states no facts indicating that the superintendant acted personally in any way that deprived him of constitutionally protected rights, he states no claim against this defendant.[1] Therefore, the court

---

[1] Moreover, the superintendant is entitled to rely on the medical judgment of the jail doctor to determine the appropriate course of treatment for an inmate's injury. *See Shakka v. Smith*, 71 F.3d 162, 167 (4th Cir. 1995).

will summarily dismiss this action without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim.[2]

A separate Final Order will be entered herewith.

DATED: April 6, 2015

/s/ James P. Jones
United States District Judge

---

[2] In any event, I do not find that Neale's current allegations state any claim of constitutional proportions so as to be actionable under § 1983. Only a prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 102 (1976). The official must have been personally aware of facts indicating a substantial risk of serious harm, and also must have actually recognized the existence of such risk. *Farmer v. Brennan*, 511 U.S. 825, 838 (1994). This deliberate indifference standard "is not satisfied by . . . mere disagreement concerning '[q]uestions of medical judgment,'" *Germain v. Shearin*, 531 F. App'x 392, 395 (4th Cir. 2013) (unpublished) (quoting *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975)), or mere negligence in diagnosis or treatment. *See Webb v. Hamidullah*, 281 F. App'x 159, 166 (4th Cir. 2008) (unpublished) ("Put simply, negligent medical diagnoses or treatment, without more, do not constitute deliberate indifference."). Moreover, an official's intentional act or omission that merely delays an inmate's access to necessary medical care may state a constitutional claim only if the plaintiff shows that the defendant's conduct resulted in substantial harm to the patient. *Webb*, 281 F. App'x at 166. The sequence of events that Neale describes shows nothing more than his disagreement with the timing of appointments, the diagnosis, and the treatment provided. These matters do not support an Eighth Amendment claim.